**SO ORDERED.**

**SIGNED August 18, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

COMPACT MANIFOLDS, INC.,                          CASE NO. 06-50341

   Debtor                                          CHAPTER 11

----------------------------------------------------------------
MEMORANDUM RULING
----------------------------------------------------------------

    Compact Manifolds, Inc. ("Debtor"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 19, 2006, and on that day an order for relief was duly entered. The Debtor remains in possession of its property as a debtor in possession as no chapter 11 has been appointed.

    Pending before the court is the Debtor's **MOTION FOR AUTHORITY TO PAY PRE-PETITION DEBTS TO NECESSARY PRE-PETITION CREDITORS & CRITICAL VENDORS** ("Motion"). Pursuant to the Motion, the Debtor is seeking to pay certain creditors who hold pre-petition claims

resulting from sales of materials to the Debtor which were and are being utilized by the Debtor in fulfilling customer orders. The Motion is opposed by Technical Control Systems, Inc., a major creditor in the case.

A hearing on the Motion was held on August 8, 2006. After hearing from parties in interest, the matter was taken under advisement.

This is the Debtor's second attempt to pay so-called "critical vendors," which the court considers to be those vendors with pre-petition claims whose payment, the Debtor contends, is essential to preserve estate value. That motion dealt with one specific job and was granted in part. The instant motion deals with several jobs.

The dispute arising in such cases was succinctly stated by the court in the case of <u>In re CEI Roofing, Inc.</u>, 315 B.R. 50,53 (Bkrtcy. N.D. Tex. 2004):

> A bankruptcy court's authority to authorize the payment of prepetition claims before plan confirmation has been the subject of much litigation in recent years. [Citations omitted.] Most courts looking at the issue have struggled to find a statutory basis for the payment of prepetition claims during the pendency of the case. The motions are usually in the nature of requests to pay so called "critical vendors" and invariably urge that the payment of certain prepetition unsecured claims is necessary to assure postpetition performance of services or delivery of goods by those vendors.

This court, in a preliminary statement made at the inception of the hearing, made it clear that critical vendor motions were

Page 2

disfavored in general.  That being said, this court has on occasion granted such motions when convinced that (a) denial of the motion would greatly impair the debtor's ability to reorganize, (b) granting of the motion would not unreasonably impair the claims of other creditors.

The court believes the Debtor has sustained its burden and the Motion is **GRANTED.**  Several of the claims to be paid are secured in that the creditor has lien rights on the project - and the Debtor's customers who are waiting on delivery of the product will not pay the contract price, and rightfully so, unless the product is delivered free and clear of all liens.  Further, the court finds that those creditors who do not enjoy lien rights are critical suppliers to the Debtor and failure to allow payment to such creditors would greatly damage the Debtor's ability to reorganize. Counsel for Debtor shall submit an order granting the Motion.

**IT IS SO ORDERED.**